Kathleen E. Beatty, Esq.
Kathleen Law P.C.
Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 979-2392
Fax (347) 296-3767
kathleen@kathleen-law.com

May 12, 2025

<u>VIA ECF</u>
Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 228
New York, NY 10007

Re:   *Azgor Hosen v. William J. Cleveland Jr. et al.*
      Docket No.: 1:24-cv-9813

Dear Judge Abrams:

This firm represents the plaintiff in the above-captioned matter. This letter is respectfully submitted in response to the defendants' letter that was filed today.

Defense counsel knowingly misrepresented material facts in an attempt to obtain an extension of time to serve discovery demands that were due to be served two and a half months ago, by February 28, 2025. Defense counsel alleged that he is not in possession of plaintiff's medical records. However, plaintiff's medical records were provided on February 5, 2025 and February 27, 2025. On May 2, 2025, the undersigned advised defense counsel that all medical records were provided on February 5, 2025 and February 27, 2025. When he clearly knew he had the medical records, he advised this Honorable Court that he did not.

This is even more troubling because defense counsel also claimed that the discovery demands in question served on May 5, 2025 were previously served on two different dates, although this is not true. The undersigned proved that this was not true by sending defense counsel the emails from the dates when he alleged the demands were served. They did not include the demands in question. Defense counsel stated in an email on Sunday, May 11, 2025 that his paralegal made an error. Yet, in the letter to the court the very next day, he represented that defendants have been diligent in discovery.

Defendants did not diligently pursue the discovery or an extension. Defense counsel failed to request an extension until almost three months after the deadline, on May 12, 2025. Furthermore, defense failed to comply with the part rules, which required him to meet and confer, and seek the undersigned's consent for an extension. Given that defendants have not moved in

1

good faith to resolve the dispute or obtain an extension in a timely manner, and have made material representations to the undersigned and the court, plaintiff does not consent to an extension of time for defendants to serve documentary demands.

FRCP 6 allows for an extension of a deadline after the deadline has already passed when movant proves excusable neglect. Factors to be considered are the danger of prejudice to the non-movant, length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003). The excuse for the late filing is the most important of all of the factors. Id. The failure to calculate and meet the appropriate deadlines is not excusable neglect. Id.

Here, there is no excusable neglect. Even if there was a mistake that resulted in the demands not being served by the deadline, when plaintiff responded to the interrogatories two months ago on March 14, 2025, defendants should have realized that they failed to demand authorizations. Although no authorizations had previously been demanded, on May 2, 2025, defense counsel insisted on adjourning the plaintiff's deposition because "I cannot help that the providers have not gotten back to us in response to the authorizations". Surely, defense counsel should have known that no authorizations had even been demanded before he made this claim.

The delay has been lengthy and will affect almost all of the other discovery deadlines. The reason for the delay was entirely within defendants' control. Defendants did not act in good faith by taking accountability for the mistake. The refusal to take accountability has wasted precious time and resources of the undersigned and this Honorable Court. The undersigned is currently engaged on trial in the Supreme Court of Kings County and is not expected to be done until May 21, 2025 at the earliest.

FRCP 11 requires all papers signed and presented to the court to be warranted by existing law or a nonfrivolous argument for extending existing law. The factual contentions must have evidentiary support. The court may impose sanctions on any attorney, law firm, or party that violated the rule. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner. The court may award the prevailing party reasonable expenses, including attorneys' fees, incurred for the motion.

Given the foregoing, plaintiff respectfully requests that this court deny the defendants' request to extend the deadline to serve documentary demands, strike the demands dated March 8, 2025, that were served on May 5, 2025, grant attorneys' fees for time spent on this letter-motion, extend the following discovery deadlines, and grant such other and further relief it deems proper.

| Item | Old Deadline | New Deadline |
| --- | --- | --- |
| Joinder of Additional Parties | 05/07/2025 | 07/07/2025 |
| Depositions | 05/30/2025 | 07/29/2025 |
| Fact Discovery | 06/06/2025 | 08/05/2025 |
| Amendments to the Pleadings | 08/29/2025 | 10/28/2025 |
| Requests to Admit | 09/30/2025 | 12/01/2025 |
| Expert Discovery | 09/30/2025 | 12/01/2025 |

2

| Close of all discovery | 09/30/2025 | 12/01/2025 |

     It appears that these matters cannot be resolved through the meet and confer process or a conference. Should the court deem a conference and/or formal motion necessary, then plaintiff requests that the court order date(s) for same.

     Thank you for your time and consideration.

                             Very truly yours,

                             /s/ Kathleen E. Beatty

Cc:   Richard E. Leff, Esq.
       BBC Law, LLP
       90 Broad Street, Suite 1906
       New York, NY 10004
       rleff@bbclawfirm.com

The parties shall appear for a telephonic status conference to discuss this discovery dispute on May 23, 2025 at 11:30 a.m. The dial-in number will be (855) 244-8681 and the meeting ID will be 23055424735.

SO ORDERED.

_____
Hon. Ronnie Abrams
May 13, 2025