Kathleen E. Beatty, Esq.
Kathleen Law P.C.
Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 979-2392
Fax (347) 296-3767
kathleen@kathleen-law.com

November 6, 2025

VIA ECF
Hon. Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square, Room 228
New York, NY 10007

Re:   *Azgor Hosen v. William J. Cleveland Jr. et al.*
      Docket No.: 1:24-cv-9813

Dear Judge Abrams:

    This firm represents the plaintiff in the above-captioned matter. Pursuant to Fed. R. Civ. P. 30(d)(2) and the Court's Individual Practices regarding discovery disputes, Plaintiff respectfully requests an informal conference concerning defense counsel's improper instruction to a deponent not to answer deposition questions.

    On November 6, 2025, Plaintiff deposed the defendant bus operator William J. Cleveland Jr. During the deposition, the witness testified that he had previously reported that he was terminated from a prior casino job for a "gaming violation". After this admission, Plaintiff asked routine follow-up questions to determine whether the reported gaming violation involved moral turpitude, dishonesty, or conduct affecting credibility.

    Defense counsel instructed the witness not to answer any further questions about the termination, stating that the subject was "irrelevant". Defense counsel's instruction violated Federal Rule of Civil Procedure 30(c)(2), which states: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a court-ordered limitation, or to present a motion under Rule 30(d)(3)". Here, counsel did not assert privilege, a court-ordered limitation, or that counsel was suspending the deposition to seek a protective order. Rather, defense counsel explicitly instructed the undersigned to make a motion.

> The parties are directed to raise this dispute with Magistrate Judge Willis, to whom this matter has been referred for all pretrial matters.
>
> SO ORDERED.
>
> */s/ Ronnie Abrams*
>
> Hon. Ronnie Abrams
> November 10, 2025

Counsel's sole basis for refusing testimony was a relevance objection, which is explicitly improper under federal rules. The objection must be stated concisely in a nonargumentative and nonsuggestive manner, the testimony proceeds, and the testimony is taken subject to any objection. Fed. R. Civ. P. 30(c)(2).

The line of questioning is permissible impeachment material because evidence of prior conduct involving dishonesty bears on credibility under Fed. R. Evid. 608(b). See also e.g. <u>Tomaino v O'Brien</u>, 315 F App'x 359 (2d Cir 2009) and <u>Outley v New York</u>, 837 F2d 587 (2d Cir 1988).

The refusal to answer obstructed Plaintiff's ability to explore credibility and moral turpitude and prevented the creation of a complete record.

Therefore, plaintiff respectfully requests that the Court schedule a brief conference (telephonic preferred), direct that the deposition be reopened for continued testimony about the improperly blocked questions, and issue an order that the costs of the continued testimony be paid by the defendants.

Plaintiff is available at the Court's convenience and can submit the relevant deposition transcript excerpts if the Court wishes.

Thank you for your time and consideration.

    Very truly yours,

    /s/ Kathleen E. Beatty

Cc:   Richard E. Leff, Esq.
      BBC Law, LLP
      90 Broad Street, Suite 1906
      New York, NY 10004
      rleff@bbclawfirm.com