**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
HOSEN,

Plaintiff,

-against-

CLEVELAND, *et al.*,

Defendants.
------------------------------------------------------------------X

**ORDER**

**24-CV-9813 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of briefing regarding (1) Defendants' letter motion to compel Plaintiff to appear for a vocational evaluation by Defendants' vocational expert ("VE") (see Dkt. Nos. 60–62, 69–72) and (2) Defendants' letter motion to strike Plaintiff's supplemental disclosure of rebuttal fact witness Emmaly Merced (see Dkt. Nos. 63–64). Defendants raised these underlying discovery requests to Plaintiff before the close of the March 31 fact discovery deadline and April 30 expert discovery deadline.[1] The Court addresses each issue in turn.

### A. Vocational evaluation of Plaintiff by Defendants' rebuttal VE

Defendants filed a letter motion to compel Plaintiff to appear for a vocational evaluation, which would be conducted by Defendants' rebuttal VE witness, Michael Ehrenreich, M.S. Dkt. No. 60.

Defendants contend that on March 3—well before fact and expert discovery deadlines—Defendants sent Plaintiff a notice to schedule the vocational evaluation.

---

[1] All referenced dates are from 2026 unless otherwise noted.

Id. Despite Defendants' follow ups regarding the deposition, Plaintiff did not respond until April 2—after the close of fact discovery—stating that Plaintiff "object[ed] to this examination," the "proposed examination is plainly a fact discovery device and is untimely," and "the plaintiff will not appear for the examination absent a court order authorizing it to take place." Dkt. No. 60-3. Defendants ultimately allege that Plaintiff did not work in good faith in dealing with this issue. Dkt. No. 60.

Plaintiff contends Defendants' motion to compel should be denied because Defendants failed to meet and confer before raising the issue with the Court, the request is not grounded in diligence, and Plaintiff made a good faith effort to resolve the issues (as evidenced by his April 3 response). Dkt. No. 61. Plaintiff also asserts that Defendants failed to comply with Rule 35 of the Federal Rules of Civil Procedure, which states that a court "may order a party whose mental or physical condition. . . to submit to a physical or mental examination by a suitably licensed or certified examiner" if there is "good cause." Id.; Fed. R. Civ. P. 35.

Both sides have dropped the ball. Defendants should have met and conferred with Plaintiff before raising this dispute with the Court. However, the Court finds good cause to compel the vocational evaluation to proceed because Plaintiff's physical condition is extremely relevant to damages in this vehicle collision case. Further, Plaintiff's tactic of waiting over a month to respond to Defendants' email and multiple follow ups—strategically, after the close of fact discovery—suggests bad faith and should not be rewarded.

As such, the Court **GRANTS** Defendants' request to compel Plaintiff to appear for a vocational evaluation conducted by defense expert Michael Ehrenreich.  The parties are to complete the deposition before **June 12, 2026**.  Fact and expert discovery otherwise remain closed.

### B. Supplemental fact witness disclosure

Defendants filed a letter motion to strike the supplemental fact witness disclosure of Emmaly Merced, which was served onto Defendants on April 10.  Dkt. No. 63.  Per Plaintiff's disclosure, Merced "was present as an observer/chaperone during the defense medical examination(s) ("DME"/"IME") of Plaintiff conducted by Defendants' examining experts, Dr. Alexander Merkler and Jessica Gallina."  Dkt. No. 63-1.  Merced is expected to testify "regarding the manner in which the examinations were conducted."  Id.

Defendants contend that the disclosure is untimely because the April 10 supplemental disclosure (1) was served after the March 31 fact discovery deadline, and (2) was not made within 30 days after Defendants' disclosure of their expert witnesses as required under Rule 26(a)(2)(d)(ii) absent stipulation or a court order. Dkt. No. 63.  Second, Defendants assert that the disclosure is incomplete under Rule 26(a)(1)(A)(ii) because Plaintiff failed to provide the written notes Ms. Merced took during the expert depositions.  Id.

Plaintiff disputes Defendants' arguments.  Dkt. No. 64.  First, Plaintiff asserts that disclosure was timely because it was made "as soon as the undersigned realized it would be necessary" when she was preparing the deposition of defense expert

3

witness Jessica Gallina, which was held on April 13.  Id.  Plaintiff further notes that Defendants have had notice of Ms. Merced since at least January 2026, as evidenced by defense expert Dr. Merkler's report documenting Ms. Merced's presence at the IME.  Dkt. No. 64-1.  Second, Plaintiff asserts that Ms. Merced's notes taken during the meeting are protected from disclosure because they constitute work product and therefore need not be produced.

The Court ultimately finds that the supplemental disclosure of Ms. Merced should not be stricken because the supplemental disclosure of Ms. Merced was timely.  Plaintiff's counsel disclosed Ms. Merced promptly before the deposition of defense expert Dr. Gallina.  Further, Defendants are not prejudiced because they were aware of Ms. Merced well before the supplemental disclosure.

However, Plaintiff must produce Ms. Merced's notes taken while at the IMEs conducted by Defendants' experts pursuant to Rule 26(a)(1)(A)(ii).  The Court agrees that Plaintiff need not disclose notes protected by the work product doctrine.  But Plaintiff cannot use that privilege to shield all of Ms. Merced's notes.  To that end, Plaintiff may redact portions of the notes protected by the work product doctrine.  Any notes that document factual observations or relate to what Ms. Merced is expected to testify—*i.e.*, "regarding the manner in which the examinations were conducted" (see Dkt. No. 63-1)—must remain unredacted.  Plaintiff is ordered to email the Court proposed redactions by **May 21, 2026** for *in camera* review.  Plaintiff will then produce redacted versions to Defendants upon approval by the Court.

For the foregoing reasons, Defendants' request to strike the supplemental disclosure of Ms. Merced is **DENIED** and Defendants' request for Ms. Merced's notes is **GRANTED**.

### C. Requests for sanctions

In almost every letter regarding the above issues, one or both parties moved for sanctions based on their adversary's conduct. The Court will not entertain these requests, as they seem to be more of a mudslinging match between the parties instead of viable sanctions requests. Therefore, all sanctions requests are **DENIED**. The parties are again reminded that it is a better use of everyone's time, including the Court's, if the parties work in good faith and engage with each other in a professional manner.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 60, 61, 62, 63, 65, 69, and 71.**

SO ORDERED.

DATED:      New York, New York
            May 15, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

5