UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AZGOR HOSEN,

                        Plaintiff,

                  -against-

WILLIAM J. CLEVELAND, JR, *et al.*,

                       Defendant.
------------------------------------------------------------------X

**ORDER**

**24-CV-9813 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of letter briefing regarding Defendants' request to re-open fact discovery for the limited purpose of deposing third-party witness "Brother Ali." See Dkt. Nos. 77–79. This request is **DENIED**.

On May 27, 2026—almost 2 months after the March 30, 2026 fact discovery deadline (see Dkt. No. 59)—Defendants filed a letter motion requesting to depose third party Brother Ali. Dkt. No. 77. Defendants noted that during Plaintiff's August 14, 2025 deposition, counsel asked Plaintiff several questions about Brother Ali, including when and where the two had met, and whether Brother Ali helped pay for Plaintiff's car repair. Dkt. No. 77-2. Plaintiff responded that he could not recall. Id. Defendants assert they were "diligent" in searching for contact information for Brother Ali during the fact discovery period, but that they were only successful in locating him after the close of the fact discovery deadline because of the lack of identifying information. They further contend there is good cause and that this information is "directly relevant to the defense of this case," without explaining the relevance.

Plaintiff opposes this request. Dkt. No. 78. First, Plaintiff asserts that Defendants violated this Court's individual rules by failing to meet and confer with Plaintiff before raising this request with the Court. Plaintiff also argues there is no good cause because Defendants fail to explain the relevance of Brother Ali's deposition or how Defendants were diligent in seeking this deposition. Lastly, Plaintiff contends that the proposed subpoena is "suspect" and does not have any contact information regarding Brother Ali, including his legal name or address. Dkt. No. 77-2.

The Court agrees with Plaintiff and finds no good cause to reopen fact discovery for Defendants to depose Brother Ali. First, Defendants fail to articulate exactly how testimony from Brother Ali would be relevant to the claims or defenses in the case. Second, besides stating that it was difficult to identify Brother Ali due to the lack of identifying information, Defendants fail to explain why they waited until after the fact discovery deadline to raise this issue—especially when Defendants were aware of Brother Ali as early as August 2025 during Plaintiff's deposition. Third, it is unclear from Defendants' proposed subpoena whether Defendants have obtained any useable contact information for Brother Ali. Dkt. No. 77-1. For instance, the proposed subpoena does not contain Brother Ali's address or other contact information.

Lastly, Defendants have failed yet again to meet and confer in good faith with opposing counsel before raising this issue with the Court, which is in violation of the Court's individual rules. Defendants acknowledge they did not follow the rules but

assert that historically, Plaintiff's counsel "consistently does not respond to the issue(s) at hand but instead poses disingenuous questions and levies false accusations as to Defendant's conduct to appear to be acting in good faith." Dkt. No. 77. While the Court understands that meet and confers can be unproductive, that does not mean that Defendants can just ignore the Court's rules. The parties must still try to meet in good faith, even if ultimately unfruitful. As such, Defendants are warned that any failure to comply with this rule in the future will result in an immediate denial of the discovery request. The parties are also expected to detail when and what attempts were made to meet and confer before raising any disputes with the Court.

For those reasons, the Court **DENIES** Defendants' request to re-open fact discovery to depose Brother Ali. Fact discovery remains closed.

**The Clerk of Court is respectfully request to close Dkt. Nos. 77 and 78.**

SO ORDERED.

DATED:    New York, New York
          June 5, 2026

JENNIFER E. WILLIS
United States Magistrate Judge

3